PATRICK BUTLER *vs.* QUINCY A. SEWARD & others.

One who has executed to different persons two mortgages upon the same land, with cove-nants of warranty, cannot, after the titles under the two mortgages have both become united in one person, and the second mortgage has been foreclosed, be allowed to open the foreclosure by paying the sum secured by the first mortgage.

BILL IN EQUITY to redeem land from a mortgage.   The case was referred to a special master, by whose report the following facts appeared :

On the 30th of November 1852 the plaintiff mortgaged two lots of land to Daniel Wells, to secure one note of $300, pay-able in team work, and four negotiable notes of $100 each, payable in one, two, three and four years, respectively.   On the same day, Judge Wells assigned the negotiable notes to Daniel W. Alvord, free from any equities existing between himself and Butler.   Mr. Alvord afterwards assigned them to the defendant Seward, to whom the administrator of the estate of Judge Wells assigned the mortgage.

Butler afterwards built two houses on one of the lots, called the second lot, and on the 23d of July 1853 mortgaged the same, with covenants of warranty, to Amos Pond to secure a note of $398.77.   The administrator of Pond's estate recovered condi-tional judgment against Butler on this mortgage, and was put

in possession on the 31st of March 1856, and the foreclosure became absolute at the expiration of three years. The title under both mortgages afterwards became united in the defendants.

The plaintiff contended that, by paying the amount secured by the first mortgage, he could be let in to redeem the second; and this question was reserved for the determination of the full court.

*A. Brainard,* for the plaintiff.

*D. Aiken,* for the defendants.

BIGELOW, C. J. The plaintiff's claim to be let in to redeem the parcel of land included in his mortgage to Amos Pond, designated in the master's report as the " second lot," cannot be supported. The difficulty is, that in redeeming the first mortgage on the lots, he does not become an equitable assignee thereof, nor is he subrogated to the rights of the first mortgagee. Inasmuch as he was the mortgagor in both deeds, by redeeming the first mortgage he will in fact pay his own debt, and thereby discharge and extinguish the mortgage. He cannot therefore set it up as the ground of a claim to redeem a subsequent mortgage made by himself, which has been foreclosed. His relation as debtor and mortgagor in the first mortgage is incompatible with any claim to be regarded as an equitable assignee thereof, on payment of the debt. It was his duty to pay and cancel the mortgage, and to relieve the estate from this incumbrance as against the subsequent mortgagee to whom he had conveyed the estate with warranty; and he cannot be allowed to set up such payment as conferring any right in equity on him to redeem a subsequent mortgage on the same estate made by himself, which has been foreclosed. It is only when the purposes of justice require that the payment of a mortgage debt shall be regarded as an assignment instead of an extinguishment of the mortgage, that it will be held so to operate. 1 Washburn on Real Prop. 575. *Brown* v. *Lapham,* 3 Cush. 551. *Kilborn* v *Robbins,* 8 Allen, 471.

There is another insuperable obstacle in the way of allowing the plaintiff to set up any right by virtue of the payment of the

debt secured by the first mortgage, as a ground for reopening the foreclosure of the second mortgage. By the latter convey-ance, he granted the estate with covenants of warranty against all incumbrances. This covenant estops him from setting up the first mortgage as against the defendants, who are assignees of the second, and to whom he would be responsible for a breach, if the first mortgage was allowed to have effect against the title acquired under the foreclosure of the second. *Comstock* v. *Smith,* 13 Pick. 119. *Trull* v. *Eastman,* 3 Met. 124.

For these reasons, it is clear that the plaintiff has shown no claim to a decree for redemption of the parcel included in the deed to Pond, and that he must be confined to a redemption of the remaining parcel described in the first mortgage.

*Decree accordingly.*